FRANK A. FAZZIO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fazzio v. Commissioner
Docket No. 2748-89
United States Tax Court
T.C. Memo 1991-130; 1991 Tax Ct. Memo LEXIS 149; 61 T.C.M. (CCH) 2223; T.C.M. (RIA) 91130; March 21, 1991, Filed *149 Robert D. Kaplow and Stewart C. W. Weiner, for the petitioner. Margaret A. Satko, for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM OPINION This matter is before the Court on petitioner's motion for reconsideration of our opinion filed December 3, 1990, , and respondent's response to petitioner's motion for reconsideration. One of the several issues actually litigated in that case was whether the stock of Gamewell Manufacturing, Inc. (Gamewell South) was sold for $ 7,623,447 as contended by petitioner or whether it was sold for $ 4,500,000 as determined by respondent. Prior to the sale of the Gamewell South stock, petitioner caused his wholly owned corporation, Gamewell, Inc. (Gamewell North) to transfer $ 3,123,447 into Gamewell South. We held that the true sale price of the Gamewell South stock was $ 4,500,000. Further, we found that the remaining $ 3,123,447 was a "funneling of funds" from Gamewell North, through Gamewell South, to petitioner. The facts, as found in , are incorporated herein by this reference. In his motion for reconsideration, petitioner now asserts that the $ 3,123,447 *150 should be taxed to him as ordinary income only to the extent of Gamewell North's earnings and profits, with any excess first reducing his basis in Gamewell North stock and any remaining amount taxed at the capital gains rate. Petitioner further asserts that this Court should allow petitioner an increase in his Gamewell South stock basis due to his purchase of Mr. Feldman's interest in Gamewell South. Respondent contests petitioner's motion for reconsideration, asserting that petitioner's earnings and profits argument is a new issue, not raised during the trial. Since the issue was not properly raised at trial, respondent requests that petitioner's motion for reconsideration be denied. It is the policy of this Court to try all issues raised in a case in one proceeding to avoid piecemeal and protracted litigation. , affd. on this issue . The granting of a motion for reconsideration rests within the discretion of the Court. . Motions for reconsideration will not be granted unless *151 unusual circumstances or substantial error is shown. In , we stated: This Court has an extraordinarily heavy volume of cases, and in many of them, the Court decides an issue against one of the parties because of his failure to carry his burden of proof or to perform some other act. If the Court granted a second chance to every party who lost because of his failure to act in some manner, the Court clearly could not keep abreast of its work. In effect, we would be telling the parties that if they were not satisfied with the first decision, try again. However, on previous occasions, we have denied a petitioner's motion to vacate the decision and reconsider the opinion where the only basis for these motions was the petitioner's unexcused failure to raise certain issues earlier. * * *
Petitioner cites , in support of his argument that he should only have to recognize ordinary income to the extent of Gamewell North's earnings and profits, with the excess reducing his basis in Gamewell North *152 and any remaining amounts recognized as capital gains. Section 301(c) [1] specifically sets forth this analysis. We agree with the holding in , but the issue and evidence which produced the holding there is not present here. Petitioner simply did not address this argument, or offer any evidence concerning the same, during trial or on brief. Further, even assuming petitioner did make this argument or offer of proof at trial, which we find he did not, petitioner, as noted, failed to produce any evidence establishing the "earnings and profits" of either Gamewell North or Gamewell South. The Internal Revenue Code does not define "earnings and profits" in the context of either corporate distributions or transfers. The computation of "earnings and profits" is often no simple task, one that petitioner has the burden of proving if he relies on it. See B. Bittker and J. Eustice, Federal Income Taxation of Corporations and Shareholders, par. 7.03, p. 7-9 through 7-22 (5th ed. 1987). [2] Further, the transfer of funds before us represents more of a section 61 diversion instead of a section 301(c) distribution. See B. Bittker and J. Eustice, *153 supra at par. 7.04, p. 7-22 through 7-25. The record is clear that petitioner's earnings and profits argument was not brought before the Court at trial. We find that petitioner has not shown the existence of unusual circumstances or substantial error as is needed to grant his motion for reconsideration. Therefore, with respect to petitioner's motion for reconsideration on the issue of earnings and profits, petitioner's motion will be denied. Petitioner also asks us to find that petitioner can increase his basis in his Gamewell South holdings by the amount he paid for Mr. Feldman's Gamewell South holdings. Petitioner correctly points to this Court's factual finding that petitioner paid Mr. Feldman $ 242,000 for Mr. Feldman's interests in Gamewell South and Gamewell Two. However, *154 the gain on the sale of Gamewell South stock is not before us. We determined that the correct sale price of Gamewell South stock was $ 4,500,000. The notice of deficiency issued by respondent contested the $ 3,123,447 transfer of funds from Gamewell North to Gamewell South prior to petitioner's sale of his Gamewell South stock. The notice of deficiency did not contest petitioner's basis in Gamewell South and did not contest the amount of gain from the sale, for $ 4,500,000, of petitioner's Gamewell South stock. Therefore, there is nothing before the Court which requires us to determine if petitioner is allowed to increase his basis in his Gamewell South holdings due to his purchase of Mr. Feldman's interest. Based on the above, as petitioner's gain on the sale of his Gamewell South stock is not before us, we will not rule on what is properly included in petitioner's Gamewell South stock basis. In accordance with the foregoing, petitioner's motion for reconsideration will be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year at issue.↩
2. See .↩